UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN ALLEN BRIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-01111-TWP-DKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

Petitioner Justin Briggs ("Briggs") was adjudicated guilty of Sexual Exploitation of Children in No. 1:13-cr-00059-TWP-MJD based on a Plea Agreement between the United States and himself. Briggs now challenges the validity of that conviction through his motion for relief pursuant to 28 U.S.C. § 2255.

**Discussion**

The Court has considered Briggs' motion, the United States' response, Briggs' reply, and the underlying record, and being duly advised, finds that Briggs' motion for relief must be **DENIED.** This conclusion rests on the following facts and circumstances:

The parties' Plea Agreement filed on March 21, 2013 provided, in part, that: (a) Briggs would enter a plea of guilty to violating 18 U.S.C. § 2251(a); (b) Briggs would receive an executed sentence of 180 months; (c) Briggs waived his right to appeal and agreed not to contest his plea, conviction or sentence in any collateral attack, including an action brought pursuant to 28 U.S.C. § 2255; and (d) if accepted by the Court, the terms of the Plea Agreement would be binding.

A hearing was conducted on June 27, 2013. Briggs was present, accompanied by his attorney, and was examined concerning his Petition to Enter a Plea of Guilty and the Plea

Agreement. Following extensive questioning and examination, the Court determined that Briggs' guilty plea was knowingly and voluntarily entered and that there was a factual basis for the plea. The Court found that Briggs understood the terms and conditions and consequences of the agreement, and then accepted Briggs' plea of guilty and imposed sentence pursuant to the terms of the binding Plea Agreement.

The waiver provision of the Plea Agreement is fully enforceable and Briggs does not identify any nonfrivolous ground for a collateral challenge not covered by the waiver provision. This includes his claim of ineffective assistance of counsel in negotiating the waiver provision. There is, for example, no jurisdictional deficiency in the charge or the disposition. *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)("Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.").

Briggs received the benefit of the terms of the Plea Agreement and the United States asserts that it is likewise entitled to the benefit of its bargain with Briggs. The foregoing shows that the waiver provision of Briggs' plea agreement is enforceable. Because Briggs' plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." *Nunez v. United States,* 546 F.3d 450, 453 (7th Cir. 2008). Briggs' motion for relief pursuant to 28 U.S.C. § 2255 and the underlying record fail to show that his conviction has been entered in violation of the Constitution or laws of the United States. Accordingly, the motion for relief is **DENIED**.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing*

*§ 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Briggs has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

### III. Conclusion

For the reasons stated above, the Motion for Relief pursuant to 28 U.S.C. § 2255 is **DENIED**.

A copy of this Entry shall be docketed in the underlying criminal action, Case No. 1:13-cr-00059-TWP-MJD.

Judgment consistent with this Entry shall now issue.

SO ORDERED.

Date: 1/11/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Electronically Registered Counsel

Justin Allen Briggs
Elkton-FCI
Inmate Mail/Parcels
P.O. Box 10
Lisbon, OH 44432