UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN ALLEN BRIGGS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-01111-TWP-DML |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Treatment of Motion to Amend Judgment**

**I.**

This matter is before the Court on the petitioner's motion to amend judgment filed on March 10, 2016 (hereafter *"motion"*). (Dkt. 11). For the reasons stated below the motion is **DENIED**.

This action commenced on July 2, 2014 when Petitioner Justin Allen Briggs challenged the validity of a conviction through his motion for relief pursuant to 28 U.S.C. § 2255. Mr. Briggs § 2255 motion was denied and Judgment was entered on behalf of Respondent on January 12, 2016. (Dkt. 8). Based on the timing of the instant *motion*, it is treated as a motion for relief from the judgment. This treatment is required because the date the *motion* was signed, March 7, 2016, which was clearly outside the 28-calendar day filing limit for a motion to alter or amend judgment pursuant to Rule 59(e). *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 43 (7th Cir. 2009).

But this treatment leads to another question. "When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine

whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). The former, being a motion that "add[s] a new ground for relief" or that "attacks the federal court's previous resolution of a claim *on the merits,"* presents a claim for habeas relief. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

The *motion* sets forth the petitioner's renewed argument that his 28 U.S.C. § 2255 motion should have been granted because his claims are meritorious. The *motion* is thus entirely within the scope of the rule just cited. *Gonzalez* dictates, in turn, that a Rule 60(b) motion in a collateral proceeding under 28 U.S.C. § 2255 that attacks a district court's decision "on the merits" must be treated as a new "application" for collateral review. *See United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007).

## II.

Because the first step in such a situation is a procedural one, the clerk shall **process the motion as a new civil action in the Indianapolis Division.** The *motion* shall be the initial pleading in the newly opened action and shall be re-docketed there as the motion for relief pursuant to 28 U.S.C. § 2255. A copy of this Entry shall likewise be docketed in the new action.

The new action shall have a NOS of 510 and a cause of action code of 28:2255. In the new action, Justin Allen Briggs shall be the petitioner and the United States shall be the respondent.

The *motion* (Dkt. 11] as filed in this action is **DENIED.**

IT IS SO ORDERED.

Date: 3/16/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Justin Allen Briggs
Elkton-FCI
Inmate Mail/Parcels
P.O. Box 10
Lisbon, OH 44432